# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LARRY ROGER BAISDEN, II, #298382,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 17-0484-CG-MU

LIFE TECH TRANSITION FACILITY, *et al.*,:

    Defendants.   :

## REPORT AND RECOMMENDATION

Plaintiff Larry Roger Baisden, II, an Alabama prison inmate[1] proceeding *pro se,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R). After careful review of the complaint as amended (Docs. 1, 11, 12), it is recommended that, prior to service of process, this action be dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Legal Standards for Screening a Complaint for Maliciousness.**

In reviewing this transferred-in action to address many outstanding matters, the Court discovered that Baisden did not pay the $400 filing/administrative fee[2] or file a motion to proceed without prepayment of fees when he filed his complaint in the United States District Court for the Middle District of Alabama. *See* Doc. 1 (entry on docket sheet); Doc. 2 (Recommendation of the Magistrate Judge to transfer, p. 1, n.1); *see also*

---

[1] Baisden was at LIFE Tech Transitional Facility ("LIFE Tech") when he filed this action. (Doc. 1). Presently, he is incarcerated at Staton Correctional Facility. (Docs. 31, 32).

[2] The filing fee for a non-habeas civil action is $350.00, and the administrative fee for filing a civil action is $50.00 in non-habeas and non-*ifp* cases. 28 U.S.C. § 1914(a) & *Jud. Conf. Schedule of Fees, no. 13* (2016).

28 U.S.C. § 1914 (requires "the parties instituting any civil action . . . to pay a filing fee"); 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement . . . action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). Notwithstanding Baisden's failure to comply with the requirements for filing a civil complaint, when he sent his complaint to the court, he used this Court's complaint form for a § 1983 action. (Doc. 1). Thus, there is no need for the Court to require Baisden to re-file his complaint on this Court's complaint form.

Since filing this action, Baisden has been actively litigating his case, as evidenced by his numerous filings reflected on the docket. Nonetheless, he has not filed a motion to proceed without prepayment of fees or paid the $400 filing/administrative fee even though he knows that one or the other is required of him. However, if Baisden had sought and been granted *in forma pauperis* status under 28 U.S.C. § 1915, or if he had paid the $400 filing/administrative fee, the Court would be required to screen his complaint in either situation. *See* 28 U.S.C. § 1915(e)(2)(B) (providing for *ifp* status and screening of prisoners' complaints); 28 U.S.C. § 1915A (providing for screening of prisoners' complaints whether the fee is paid or *ifp* is granted). Both § 1915(e)(2)(B) and § 1915A require the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b).[3]

---

[3] Under these statutes a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal

An action is deemed malicious under § 1915(e)(2)(B)(i) and § 1915A(b)(1) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17, 127 S.Ct. 910, 166 L.Ed.2d

---

law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h); 28 U.S.C. § 1915A(c). *See Wolfson v. United States,* 336 F. App'x 792, 795 (10th Cir. 2009) (finding that a civilly committed person under a provisional imprisonment sentence, which was limited to the maximum term for which he was found guilty, was a prisoner as defined by 28 U.S.C. § 1915(h)); *Gibson v. City Mun. of New York,* 692 F.3d 198, 202 (2d Cir. 2012) (finding that a person who is held for observation and has his criminal proceedings suspended during the observation period is considered a prisoner under 28 U.S.C. § 1915(h)); *Page v. Torrey,* 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that individuals who file a civil action while "detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of . . . 28 U.S.C. § 1915"); *Jordan v. Rogers State Prison,* 2017 WL 3160007, at *1 (S.D. Ga. 2017) (unpublished) (finding no merit to the plaintiff's argument that he was not a prisoner under 28 U.S.C. § 1915(h) because he was only held at the jail "for a hearing or two").

Turning to the action at hand, Baisden's filings and case law reflect that he was a prisoner when he filed this § 1983 action while he was at LIFE Tech, a residential halfway house operated by the Alabama Board of Pardons and Paroles, a law enforcement agency, and staffed with state probation officers. *Stuckey v. Alabama Bd. of Pardons & Paroles,* 2012 WL 3670644, at *2-3 (M.D. Ala. 2012) (unpublished). LIFE Tech is staffed by at least one probation officer who is present seven days a week, twenty-four hours a day. *Id.* In the present action, Baisden filed a motion to be discharged from LIFE Tech, Doc. 23, which he filed in his other actions, CA No. 17-244-WKW-GMB (Doc. 54), *infra*, and CA No. 17-627-MHT-GMB (Doc. 27), *infra*. In these motions, he complains that he wants to be released because he has been granted parole and has a place to live upon his release. Furthermore, he sought assistance from personnel at LIFE Tech to treat his painful tooth (the subject of this lawsuit) (Doc. 1 at 5), which indicates that he was not at liberty to treat it himself, and that he was told by personnel that he could be returned to an Alabama Department of Corrections' institution to be treated. (Doc. 12). Moreover, if Baisden had not been convicted of crimes and sentenced (*see* Doc. 1 at 9 (he received a ten-year sentence on February 12, 2015, for manufacturing a controlled substance)), he would not be at LIFE Tech. Considering these facts, the undersigned concludes that Baisden was a prisoner at the time he filed this action.

3

798 (2007); see also, e.g., *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the finding that the action was malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury);[4] *Sears v. Haas,* 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for an abuse of judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case filed six years earlier); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose the type of cases the complaint form required him to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no action dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

4

§ 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed. *See Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious for the plaintiff's failure to advise of prior lawsuits, because the complaint could be re-filed as the statute of limitations had not expired). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because a plaintiff is unable to re-file a viable action, and the court should then consider lesser sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

## II. Analysis.

In the present action, Baisden used this Court's § 1983 complaint form when he commenced this action. (Doc. 1). The complaint form asks a plaintiff to state if he has filed other lawsuits, in state or federal court, that have the same or similar facts involved in his present action or that are related to his imprisonment. (*Id.* at 3). Baisden answered

5

"yes" to the question asking if he had filed a prior lawsuit with similar facts involved in this lawsuit.[5] (*Id.*). And he answered "no" to the question asking if he had filed other lawsuits relating to his imprisonment. (*Id.*). He then signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (*Id.* at 10).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), discovered in its examination of PACER (Public Access to Court Electronic Records)[6] that Baisden previously filed three other actions that he did not mention, namely, *Baisden v. Officer Dejarnette,* CA No. 2:15-cv-00549-MHT-GMB (M.D. Ala. 2015) (ordered to pay a partial filing fee of $58.05); *Baisden v. Corizon Health Servs.,* CA No. 2:15-cv-00550-WKW-TFM (M.D. Ala. 2016) (ordered to pay a partial filing fee of $58.05, which was paid; dismissed on defendants' motions to dismiss); *Baisden v. Corizon LLC,* CA No. 2:17-cv-00627-MHT-GMB (M.D. Ala. pending) (filed September 21, 2017[7]; granted *ifp*; complained about no dental care at Kilby Correctional Facility for severe tooth pain; pending). After discovering and reviewing these prior actions, the Court concludes that Baisden did not provide the information requested by the complaint form about his prior actions. (Doc. 1 at 3). Therefore, when Baisden filed the present

---

[5] Baisden identified this lawsuit as *Baisden v. Corizon, LLC,* CA No. 2:17-cv-244-WKW-GMB (M.D. Ala. pending). In this lawsuit, filed on April 20, 2017, he complained about another inmate attacking him at Staton Correctional Facility and breaking his jaw in two places. (Doc. 1 at 3). He alleges that nothing was done for approximately two weeks until his jaw became swollen and infected. (*Id.*). Then, his jaw was x-rayed, and on April 29, 2016, he had surgery to wire his mouth closed. (*Id.*).

[6] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, No. 2:07-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. 2007).

[7] The complaint in CA No. 2:17-cv-627-MHT-GMB was initially received as an amended complaint in CA No. 2:17-cv-244-WKW-GMB but was extracted from that action, because it was based on a separate and distinct claim, (Doc. 37), and a new action was opened, CA No. 2:17-cv-627-MHT-GMB.

complaint on October 3, 2017, he knowingly chose not to list his prior actions, and then he proceeded to sign his complaint under penalty of perjury. (*Id.* at 13).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When the prisoner fails to provide the information about his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more resources and time. (*Id.*).

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, filing, or other paper "to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support...." Fed. R. Civ. P. 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Baisden was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the Court would not recommend this action's dismissal without prejudice is if the present action could not be re-filed because the two-year statute

of limitations had expired.

An examination of the substance of the original complaint reflects that Baisden named LIFE Tech as the sole Defendant. He complains that he was in pain from a hole in his tooth when he left Kilby. (*Id.* at 4). On September 26, 2017, he arrived at LIFE Tech from Kilby with paperwork stating that he needed to be seen by a dentist immediately. (*Id.*). At LIFE Tech, he was told that he would have to pay for an immediate dental appointment or he could wait for months to be seen. (*Id.*). He told them he was in severe pain, was having trouble eating, and was without money. (*Id.*). He received no help and was not given over-the-counter medication to help with pain. (*Id.*). He seeks compensation from LIFE Tech for his pain and suffering. (*Id.* at 9).

Subsequently, Baisden amended his complaint stating that it was Nurse Karen who refused him treatment. (Docs. 11, 18). Then, he filed another motion to amend his complaint to add Parole OIC Jay Crabtree because, on November 31, 2017, Crabtree asked Baisden if he would like to return to prison so he could get his teeth fixed, to which he replied "no." (Doc. 12, at 1). Crabtree told him to stop using "meth" so his teeth would not hurt, even though he contends that he was "clean." (*Id.*). Crabtree also told him to attend church programs and ask church people for money to go to the dentist. (*Id.*); *see* Docs. 22, 28 (duplicates of amendment at Doc. 12).

Considering that the incident in the original complaint occurred on September 26, 2017, and the incident in the motion to amend occurred on November 31, 2017, Baisden will be able to re-file his action before the two-year statute of limitations expires if he elects to do so. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

**III. Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.[8]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this **r**eport and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

---

[8] Because this action is recommended for dismissal, it is recommended that the pending matters in this action be denied as moot.

9

erence or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **August, 2018**.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**